**Laverne M. NOGOSEK, Plaintiff,**

v.

**ASBESTOS CORPORATION OF AMERICA, et al., Defendants.**

Civ. No. A2–87–173.

United States District Court,
D. North Dakota,
Northeastern Division.

Dec. 19, 1989.

David Thompson, Fargo, N.D., for plaintiff.

Lasley, Gaughan, Stich & Angell, Robert D. Brownson, Minneapolis, Minn., Craig Richie, Fargo, N.D. of counsel, Michael D. McNair, Fargo, N.D., Stich, Angell, Kreidler & Muth, P.A., Robert D. Brownson, Minneapolis, Mn.; Richie & Associates, Craig M. Richie, Fargo, N.D. of counsel, Cragg & Fobbe, Robert S. Cragg, Hopkins, Mn., Serkland, Lundberg, Erickson Marcil & McLean, Ltd., Ronald H. McLean, Fargo, N.D.; Faegre & Benson, John Borger, and Moss & Barnett, Wayne A. Hergott, of counsel, and Mary H. Terzino, Minneapolis, Minn., Zuger, Kirmis, Bolinske & Smith, Michael G. Fiergola, Bismarck, N.D., Arndt & Benton, Duane E. Arndt, Minneapolis, Minn., Vogel, Brantner, Kelly, Knutson, Weir, Bye, Ltd., Douglas R. Herman, Fargo, N.D., Dosland, Dosland, Nordhougen, Lillehaug & Johnson, P.A., Colleen J. Saande, Gunhus, Grinnell, Klinger, Swenseon & Guy, Gunder D. Gunhus, Moorhead, Minn., Kohl, Secrest, Wardle, Lynch, Clark and Hampton, John T. Brisse and Gary D. Sharp, Farmington Hills, Mich., Ohnstad & Twichell, Michael D. Nelson, West Fargo, N.D., Pustorino, Pederson, Tilton & Parrington, Jon P. Parrington, Minneapolis, Minn., Collins, Buckley, Sauntry & Haugh, Eugene D. Buckley, St. Paul, Minn., Rider, Bennett, Egan & Arundel, Mary C. Cade, Minneapolis, Minn., Stefanson, Landberg & Plambeck, Dan D. Plambeck, Moorhead, Minn., Paul Oppegard, Moorhead, Minn., Steven Storslee, Bismarck, N.D., Wayne Hergott, Minneapolis, Minn., Michael G. Fiergola, Bismarck, N.D., and Ralph Walker, Des Moines, Iowa, for defendants.

## ORDER

VAN SICKLE, District Judge.

On October 6, 1989 defendant Flintkote filed a motion with this Court requesting "leave to file and serve a Memorandum in

Response to Plaintiff's Memorandum in Opposition to Defendant's Motion for Summary Judgment." On October 11, 1989 defendants Asbestospray Corporation, Spraycraft Corporation, and H & A Construction Corporation filed an identical motion. The defendants' motions for summary judgment were denied before this Court was able to consider defendants' motion for leave to file response memorandums.

## INTRODUCTION

Currently, more than 250 plaintiffs with alleged asbestos or dioxin induced injuries are involved in various cases pending before this Court. Many of these plaintiffs are represented by the same lawyers, as are many of the defendants. Nationally, many other asbestos and toxic tort cases progress in other courts. The Court must approach all claims with an assumption the plaintiff reasonably believes he or she has a justiciable claim. But in some cases, bands of plaintiff's lawyers appear to sign up scores of potential plaintiffs, filing actions, and deciding if they have an injury at a later date. The latter type of litigation causes grave inconvenience for the defendants and sincere plaintiffs. This type of litigation also creates an immense amount of work for the courts and the personnel of the clerk's offices. *See Cochran v. Celotex*, 123 F.R.D. 307 (C.D.Ill.1988).

This Court intends to lay out a few ground rules for those currently proceeding with toxic tort litigation before it, and offer guidance to those appearing in the future. Before proceeding further, this Court wants to make it clear that these observations should not be regarded as a form of censure for the lawyers who filed the motion under consideration. Indeed, they were courteous enough to ask permission to file another motion, a formality all should follow. Instead, this Court wants to respond early to what it sees as recurrent problems with asbestos litigation so that these areas of concern can be addressed.

## ASBESTOS LITIGATION MOTIONS AND TACTICS

### A. The Paper War

Soon after a complaint and answer in asbestos litigation are filed with a court, a series of motions and replies are inevitably filed. *See id.* at 309. Defendants file lengthy motions for dismissal for want of personal jurisdiction. These motions are accompanied by lengthy briefs. Plaintiffs reply with reams of affidavits and briefs of their own. Defendants file additional reply briefs, often accompanied with photocopies of articles, cases from other jurisdictions, and hornbook discussions. If plaintiff is successful in showing personal jurisdiction, defendant responds with a motion for summary judgment. Once again, brief after brief is filed with the court. If plaintiff is again successful, motions to compel discovery pour forth from either side. If the court questions the necessity of all of these motions, it is told that the attorneys have worked together before, and have a marvelous working relationship. *See id.* at 308–309.

Assured that personal malice is not behind the avalanche of paper, courts must speculate on why the onslaught of motions continues. Other courts have asked "were these preparations in earnest, or was this merely a sham—smokescreens and light shows, collapsible swords and blank ammo?" *Id.* at 309. Even if well-intended, such a barrage of motions threatens to "provide the country with a classic example of dispute resolution run-a-muck." *Jenkins v. Raymark Indus., Inc.*, 109 F.R.D. 269, 287 (E.D.Tex.1985). Unless corrected, irresponsible filing of motions could damage the quality of hearing each receives.

This Court has some advice for those filing motions before it. First, the sheer number of pages in a brief have little relation to its effectiveness. A cogent argument made once need not be repeated. Second, the quality and relevance of what is filed is as important as the quantity. The reference to a well-written law review article or case from another jurisdiction in a motion can be helpful to a court. When, however, this practice leads to advocates filing several articles, cases, and statutes along with a lengthy brief, the benefits are negligible. For instance, lawyers in the case at hand have presented this Court

with numerous articles, cases, and memorandums outlining how Minnesota handles asbestos litigation. I have a great fondness for the people and state of Minnesota, and I believe its laws and courts to be as fine as any in the nation. This case, however, is in the United States District Court for the District of *North Dakota.* Excessive examinations of law from another jurisdiction simply are not relevant if case law from North Dakota exists. Lawyers appearing before this Court will save themselves a great deal of time if they keep this in mind.

### B. Value Billing

This Court is aware that recent developments in word processing and photocopying technology make it possible for counsel to have "canned" research ready to be filed when the right situation arises. This Court is aware of the convenience such devices serve. This Court is also cognizant that the advent of "value billing" makes it extremely profitable for lawyers to send out previously done research as many times as possible in order to collect billings from different clients for research previously conducted. Value billing has been hailed by those interested in law firm balance sheets. One commentator has defined value billing as a situation where

> Client A calls and asks for information that requires one hour of research time. Therefore, Client A is billed for one hour at the regular rate. The next day, Client B calls and needs the same information that Client A required the previous day. How much should Client B be billed? Using the concept of value billing, Client B should be billed for the same amount as Client A. There is value in the information that each client needed, and it should be billed accordingly.

Israeloff, *Look at the Time!*, ABA Journal, December, 1989, at 88.

It is not this Court's purpose to evaluate the ethics of the lawyers who present such bills. Nor is it the responsibility of this Court to gauge the sagacity of the clients who willingly pay them. It is within this Court's realm, however, to control the amount of paper that is involved in litigation. After careful consideration of defendants' motion to file a response brief in addition to its earlier memorandum, this Court has determined that such paper work would be of no value.

### CONCLUSION

It has been observed that "[i]f it were done, when 'tis done, then 'twere well if were done quickly." *Macbeth* I, 7. Lawyers are the judges of their own cases. It is their responsibility to decide what motions to file and when, whether to proceed to trial or whether to settle. This Court, however, has the power to sanction and curb the abusive or excessive exploitation of the litigation process, much as it has the power to restrict discovery. *See Eagle–Picher Indus. v. Liberty Mut. Ins. Co.,* 829 F.2d 227, 238 (1st Cir.1987) (citing Fed.R. Civ.P. 26(b)(1)). Where it is justified, this Court will not hesitate to use sanctions to control abuse in this area.

IT IS THEREFORE ORDERED:

THAT DEFENDANTS' MOTION REQUESTING TO FILE A RESPONSE BRIEF IS DENIED.